TM/PR: USAO2023R00512
PEB 08/01/23

**SEALED**

USDC - BALTIMORE
'23 AUG 17 PM1:57

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. GLR 23cr286 |
| | * | |
| v. | * | (Attempted Interference With Commerce by Violence, 18 U.S.C. § 1951(a); Forfeiture, 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| **MALIK THOMPSON,** | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
(Attempted Interference With Commerce by Violence)

The Grand Jury for the District of Maryland charges that:

1. At all times material to the Indictment, the Mayflower Chinese Restaurant, located at 3407 Greenmount Avenue, Baltimore, Maryland 21218, was a business engaged in the retail sale of items in interstate commerce and its business affected interstate commerce.

2. On or about August 10, 2020, in the District of Maryland, the defendant,

**MALIK THOMPSON,**

did knowingly, obstruct, delay and affect, and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did attempt to unlawfully take and obtain money belonging to Mayflower Chinese Restaurant, located at 3407 Greenmount Avenue, Baltimore, Maryland, from the person of and in the presence of an employee of Mayflower Chinese Restaurant, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's custody and possession.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

### Robbery Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**MALIK THOMPSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, and pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms or ammunition involved in the offense.

3. The property to be forfeited includes, but is not limited to, a green 9mm Glock pistol with an obliterated serial number and any ammunition contained therein.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 924(d), 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_____
Erek Barron
United States Attorney

SIGNATURE REDACTED
Foreperson

Date: August 17, 2023